THE TOWN OF IRONDEQUOIT, Respondent, *v.* GRAFTON JOHNSON, Appellant.

Fourth Department, January 7, 1931.

*Moser & Reif* [*Clarence P. Moser* of counsel], for the appellant.

*John Van Voorhis*, for the respondent.

Per Curiam. We deem it unnecessary to pass on the many interesting questions of law argued. Whatever we might say in regard to them would be *obiter*, since we are of the opinion, upon a consideration of all the evidence whether legally or illegally in plaintiff's possession, that plaintiff has failed to make *prima facie* proof (a) of Daley's authority, actual or apparent, from defendant to make the alleged representations, and (b) of defendant's alleged intention not to pay existing in his mind at the time the representations were made. Daley undoubtedly was the agent of defendant with general authority to represent him in the sale of the properties and to some extent at least in their development. There is, however, no direct evidence of any special authority; and any inference of such from the nature and extent of the general authority is asking too much. However wide the scope of the general agency, we cannot suppose that it embraced as an incident an authority to obtain results by means of fraud. Nor can we say from the evidence which tends to disclose the nature and extent of Daley's agency that he had apparent authority to make representations which on their face purported to charge his principal with a personal liability for very large sums of money. Such authority is not ordinarily within the scope of such an agency as Daley's is shown to have been.

As to the other point, the proof, if we accept it all as true, and we are here bound to do so, shows at most that defendant operated under a flexible and dubious code of ethics. Proof that one is entirely capable of harboring a specific fraudulent intent is not equivalent to proof that one in fact did harbor it.

The order denying the motion to vacate the warrant of attachment should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. As a corollary it follows that the order denying the motion to vacate the *ex parte* order relating to the incidental papers should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order denying motion to vacate writ of attachment reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

Order denying motion to compel return of papers reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.